# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT NORTHROP,

        Petitioner,        Case Number: 2:06-CV-13081

v.        HONORABLE PAUL D. BORMAN

HUGH WOLFENBARGER,

        Respondent.

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Robert Northrop, a state inmate currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree home invasion. Respondent has filed an answer in opposition to the petition in which he argues, *inter alia*, that the petition should be denied because it was not timely filed. The Court finds that the petition was not timely filed and denies the petition.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree home invasion. On February 3, 2003, he was sentenced as a fourth habitual offender to life imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the conviction, but remanded to the trial court for re-sentencing. People v. Northrop, No. 247545 (Mich. Ct. App. June 8, 2004). Petitioner did not seek leave to appeal this Order in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan

Supreme Court, dated Nov. 17, 2006.

Petitioner was resentenced on November 5, 2004, as a third habitual offender to 56 months to 30 years' imprisonment. He appealed his new sentence to the Michigan Court of Appeals. On March 9, 2005, the Michigan Court of Appeals issued an order dismissing the appeal, but stayed the final judgment of dismissal for 28 days to allow Petitioner to file a written communication with the Court. People v. Northrop, No. 259068 (Mich. Ct. App. March 9, 2005). Petitioner filed a written communication with the Court which the Court treated as a motion for reconsideration and denied. People v. Nortrhop, No. 259068 (Mich. Ct. App. Apr. 7, 2005). Petitioner did not file an application for leave to appeal this Order in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated Nov. 17, 2006.

On June 27, 2006, Petitioner filed the pending petition for a writ of habeas corpus.

**II.**

Respondent argues that the petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A).

In the pending case, Petitioner appealed his resentence to the Michigan Court of Appeals, which issued a final order dismissing the appeal on April 7, 2005. Michigan Court Rule

2

7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, June 2, 2005. *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, June 3, 2005, and continued to run uninterrupted until it expired on June 3, 2006. Petitioner's habeas petition was filed on June 27, 2006, twenty-four days after the limitations period expired.

Petitioner argues that his petition was timely filed because he filed a state habeas petition in Lenawee County Circuit Court on May 2, 2005, which was dismissed on December 13, 2006, and a state habeas petition in Ionia County Circuit Court on July 28, 2005, which was dismissed on September 6, 2005. Petitioner argues that these two state habeas petitions served to toll the limitations period. However, state habeas petitions do not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). Jackson v. Curtis, 2005 U.S. Dist. LEXIS 29254, *10 (E.D. Mich. Nov. 23, 2005), *citing* Seaton v. Kentucky, 92 Fed. App'x 174, 175 (6th Cir. 2004).

Accordingly, the Court finds that the petition was not timely filed.

### III.

Finally, the Court addresses whether Petitioner is entitled to the issuance of a certificate

of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court holds that jurists of reason would not find its conclusion that the petition is untimely to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

**IV.**

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).

Accordingly, **IT IS ORDERED** that the petition is **DENIED** and the matter is

4

**DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: February 28, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 28, 2008.

                                              s/Denise Goodine
                                              Case Manager